Good morning, your honors. May it please the court. Erin Contreras of Squire, Sanders & Dempsey, counsel for the appellant Ramona Lopez, appointed by the Ninth Circuit Pro Bono Program, pursuant to this court's order of October 8, 2008. Ms. Lopez raises three issues on appeal. The first, and most important, is whether the district court erred in failing to rule on Ms. Lopez's request for appointment of counsel before granting the defendant's motion for summary judgment. The second is whether the district court should have considered Ms. Lopez's briefs and evidence filed both in support of her own motion and in opposition to defendant's motion. And third, whether the district court erred in granting defendant's motion for summary judgment, given that there are genuine issues and material fact. Turning to the first issue, pursuant to Title VII, upon application by the complainant, and in such circumstances as the court may deem just, the court may appoint an attorney. Under well-settled law of this circuit and other circuits, the district court's failure to rule on Ms. Lopez's request before granting defendant's motion for summary judgment was an error, and it was an abuse of discretion warranting remand. Once Ms. Lopez made her request, the district court should have given the request serious consideration and should have given her some guidance as to the factors that the district court would consider in ruling on that request. Suppose the district court, or can we surmise that what really happened was the district court said, this case is over. I'm not appointing a counsel at this point. All the motions have been filed. I'm, you know, going to issue an opinion. It's all written. I'm sending it out tomorrow. There's no point in appointing counsel. Well, I think that the district court had an obligation to consider the motion and make some written ruling on it. Certainly I haven't seen any case in any circuit where... Are you saying any case in any circuit where the request was submitted after all the briefs were, after all the motions were filed, months after the case, the last thing that a lawyer could have done in the case? No, but in this case, Your Honor, the motion to strike her briefs was only three weeks before her request, and I think given that she was representing herself, it was reasonable for her to pull together the resources and figure out if she could file a request for appointment and to do so. A district court's decision should be reversed and remanded where, on the record, the court cannot be assured the failure to assign counsel was grounded on a reasoned application of sound principles. Here, there was no decision by the district court, and certainly not a reasoned one. The district court never ruled on her request, and despite the pending request, granted the defendant's motion for summary judgment. As this court recognized in Miles and McElyea, a court's failure to rule on a plaintiff's request for appointment of counsel before ruling on a dispositive motion, such as a motion for summary judgment, is an abuse of discretion warranting remand. This is precisely what the district court did when it granted defendant's motion for summary judgment while Mrs. Lopez's request was pending. Turning to the second issue, as this court recognized in Draper, the district court should have given Ms. Lopez a pro se litigant great leniency in complying with the procedural rules. All right, now here, what exactly happened? I saw on the record that she did submit her the last thing she submitted had exhibits attached as exhibits. Is that right? Yes. It said exhibit 1, 2, 3, and all that. Yeah. So what was the problem with it? Well, according to the district court, she didn't strictly comply with all the procedural and technical rules, both local rules and the federal rules. But in terms of the basic problem, i.e., did she support her, did she have a statement of facts supported by documents in the record? She did. Yes, she filed a statement of facts with her second motion for summary judgment. What had happened was Ms. Lopez filed her original motion for summary judgment and at the same time requested an extension to file her evidence in support thereof. The court denied her motion and granted her that extension. So then she filed her second motion for summary judgment, and about a week after that, and what that summary judgment was about 1,500 pages of evidence, and she also filed a statement of facts. Now, certainly as a pro se litigant without any legal background, those documents didn't strictly comply with the rules. Well, the district court had given her like a remedial order. It had given her a whole series of information about what she needed to do. And then the last document the district court issued with the notice wording to plaintiff very detailed about what she had to do. And the court said correctly, I think, that pro se litigants have to comply with the procedural requirements like anyone else. And here it seems like the district court did give her substantial guidance. The district court certainly did issue that order that was captioned a warning to the plaintiff, which set forth basically the same requirements as the code of civil procedure, that you must have a statement of facts, that you must, in terms of her opposing the defendant's motion, that you must respond to each of the allegations. So certainly there was some guidance, and when she refiled her motions, she tried to comply with that. So that's what I was trying to be clear about. Because I knew about at the first point when she just attached the 1,500 documents, there was no way that complied with anything. But then she did something else, and that's what I'm trying to understand why. I mean, that may have been technically noncompliant. Why was that even technically noncompliant? The statement of facts? The last time she did it. So the evidence was submitted with her second motion for summary judgment, and then the judge issued his order warning the plaintiff. And it must have been crossing because she mailed her statement of facts. So in the record it could have been that her statement of facts had been mailed before that warning came down. Statement of facts with evidentiary material designated as exhibits for each fact. No. At some point she did that. Didn't she do that eventually? Her statement of facts that she submitted, the evidence she had submitted had hand numbering on it that seemed to cross-reference her statement of her number statement of facts. It's a little bit unclear. Obviously it's not like a statement of facts that I would file or another attorney because it doesn't have statement one, here's the fact and here's the evidence. So what? There's a document that's in the supplemental. No, it's not. It's in the excerpts around ER 38. And it says statement of fact in support of summary judgment. And it has numbered facts. And then it says exhibit 2. And then it says exhibit 311, exhibit 4. Yes. What is that? That is in reference to the documents that she had submitted the week before with her motion for summary judgment. Okay. So the pile of documents of 1,500 pages has handwritten notations and sometimes typed things. All right. So she has a statement of facts and she has a reference to where to find it. Yes. So what's the problem? I don't think, in the district court's eyes, I think the problem was that it didn't strictly comply in terms of. Because the exhibits weren't attached to this document? It had been attached to an earlier document? Is that the problem? The district court's order striking those documents wasn't all that clear. It was just that it didn't comply with the local rules and the rules of civil procedure. So, again, I understand that the procedural rules are there for a purpose. But on the flip side, pro se litigants are afforded more leniency in complying with them. And as evidenced by all the documents she kept filing, she was trying to comply. When the order finally came down striking those documents, she did within three weeks request appointment of counsel. And when the court granted the summary judgment without considering that, that was an abuse of discretion. So if I may, I would like to reserve the rest of my time here. Thank you. Good morning, Your Honors. Please support. My name is Suzanne Chinaweth, and I am with the U.S. Attorney's Office in Phoenix, Arizona, representing John Potter, Postmaster General. Actions clearly have consequences. And in this case, inaction has consequences. Appellant would have you believe that because she filed a motion to appoint counsel so that she could resubmit her summary judgment motion, the case should be remanded. However, in this case, that simply is not the proper result. It's not the proper result for several reasons. First of all, as Your Honors were pointing out during the initial argument, the appellant had plenty of opportunities to properly submit her motions, and she also had plenty of opportunities to request counsel. She didn't do so until after the time for ruling on the pleadings had closed, after the court had stricken her improper filings, after she received numerous warnings, after the case had been pending for two years. The law regarding the request for appointment of counsel under the Title VII does not allow a do-over. In this instance, there's no cases that appellant has cited to in which you get a do-over in a circumstance such as this. And in this case, the court properly considered the evidence that was properly before it and ruled on the summary judgment motion. Now, there's several problems with the appellant's argument. One is that they have not addressed the fact that the court has discretion in order to strike pleadings and filings that don't comply with the rules. And in this ---- But this is what I want to know. Okay. As I said, the last time she gave this a shot, it seems to me that whether she complied technically with the rules, it certainly complied with the point of the rules, which is to state facts and tell you where to find them in the record. So what was the problem? I don't know if the courts had an opportunity, if that's the right word, to take a look at what she submitted. But ---- That's what I'm reading. On March 20th, it's stated March 21st, 2008. It's in the Excerpts of Record 38. It was her last attempt at this. It's called Statement of Fact in Support of Summary Judgment. It has a list of facts. And after each fact, it says Exhibit 2, Exhibit 3, Exhibit 11, et cetera. So the judge could read her fact and could go to Exhibit 6, Exhibit 7, and so on and find out why she thinks it supports it. That's the point of the rules, right? That is the point of the rules. And if, in fact, what she submitted made it any way possible to do that, it would be a different situation. I couldn't figure out what she was submitting. And that's why we filed the motion to strike. Tell me why you couldn't figure out what she was submitting. Because I couldn't match up the 1,500 pages of documents that she submitted. They weren't marked as exhibits? They were not marked in a way that you could figure out what corresponded to what. And furthermore, she just dumps on it. You have a document and it says Exhibit 6 on it. What's the problem? Or it didn't say Exhibit 6 or what? The way she has things referenced made no sense. Unfortunately, I don't have the exhibit, so I can't really understand that. But maybe you could explain to me why when it says Exhibit 6, and if there is an Exhibit 6, why you can't match them up. Well, the way she has it, you look at what she's saying in her pleadings and you're trying to match up what she submitted, and you can't figure it out. Because there's no Exhibit 6? Because there's just this 1,500 pages of documents. Which are not marked as exhibits? Just be specific. What is the problem? I don't know. I mean, to make it very quick, I don't have it. Is there an Exhibit 6? I guess I'm having a little trouble. Is there something called Exhibit 6? There is something called Exhibit 6. All right, so she says that that 6, which says such and such, is supported by Exhibit 6. It either is or it isn't. If it isn't, she loses, but that's not a procedural problem. Well, she doesn't respond to, first of all, she doesn't respond to the defendant's motion for summary judgment in any way that you can figure out that she's saying, here, Your Honor, the defendant's wrong on a particular fact and here's why. When you've got 1,500 pages of documents that are being dumped on the court, it's very difficult to go through and try and figure out what she's saying. And I don't think the court should have to do that and opposing counsel should not have to do that. She was warned on numerous occasions how to submit things and getting to the point of whether or not appellants would have you believe that she didn't figure out that she couldn't really follow the court's orders until June 9, 2008, after the case had already been in litigation for several years and two years after she had consented to her counsel being withdrawn. I would submit to the court that there were numerous instances where she had been advised by orders and filings from the defendant that she wasn't properly following the procedures and she wasn't able to comply, yet she did not request counsel. And it's not anybody's obligation to request counsel for her. That's a different question. Correct. Absolutely. I'm really asking you about, you know, this throwing everything out. When she did submit an attempt at a statement of facts and she did make an attempt to match up her evidence to the statement of facts and there is evidence that she did attach, it seems a little extreme to throw it all out. And in particular, there's this case called Jones v. Balanis, which seems to say that when a party is pro se, we consider as evidence all of the contentions offered in motions and pleadings where they're based on personal knowledge and set forth facts that would be admissible. And it seems to say that, therefore, the technical rules don't really count, no? No, and here's why. First of all, again, if attorney or no attorney, we dump 1,500 pages of documents, no court is going to go through and try and figure out what's there and whether there's an issue of fact. And I submit to you that if you look at appellants' pleadings that were filed, regardless of whether or not they were stricken, what she puts in there is not you can't discern the points that she's making. You have to figure it out for her, and nobody should have to do that. She was warned that nobody should have to do that, and she was warned of the consequences if she didn't follow the rules. So this is not an instance where it's a simple issue with three or four facts, three or four documents, and, gee, let's just give her the benefit of the doubt. I have one other question really on other merits, which is, I mean, I guess what I'm saying. I'd rather get to the merits here. If we got to the merits here, the one thing that gave me some pause, and I couldn't, is this notion that she requested to be transferred, because I thought there was contradictory evidence even in your submissions on that question. One person said that she asked to be transferred, and another one said she was asked to transfer and said it was okay. If you consider, quote, unquote, the evidence she submitted and the other documents in the case, yes, there is an issue of fact there, but that doesn't get you to her having established a prima facie case of sexual discrimination, and here's why. The reason it doesn't is because she didn't prove that similarly situated people were treated differently. So even if her boss asked her to transfer because there's a sexual harassment investigation going on, which is the appropriate thing to do, she hasn't established that any other employees. The person who was also put on wasn't asked to transfer. He was a senior manager in the facility. So under, I think I cited Vasquez, that's not considered to be similarly situated. The supervisors are not similarly situated to the line employees, and with good reason. You've got a supervisor who's got a high-level job supervising a number of employees in the facility, and to transfer him would just not make good business sense. And I think that's part of why you look at whether or not someone's similarly situated. And none of the evidence that Ms. Lopez submitted establishes that there were any similarly situated employees to her that were treated differently. All of the ones are managers. And wrapping this up quickly, I submit to you, first of all, the court did not abuse its discretion in striking the filings. But even if you look at the merits of Ms. Lopez's claim, she's had three lawyers basically combing through the 1,500 pages, which I submit aren't necessarily admissible evidence. But even if you give her every bit of the doubt and look at the submissions that have gone on appeal, you can see that even had the judge considered this evidence and had the days and days and days to look through everything, still he properly determined that she did not have a prima facie case. And given that, at best, at worst, the request for appointment of counsel was harmless error. Unless you have further questions. Thank you, Your Honor. Thank you. I just want to address a few points that she made. We certainly are not requesting a do-over. I don't think that was set forth in our briefs. The request should have been do-over. What else was a lawyer going to do at that point but a do-over? It's not so much a do-over. It's a court reasoning under the factors of whether Ms. Lopez can afford counsel, whether she can. What would be the point of having a lawyer appointed at that point? Well, the other error of the court not considering her briefs and the fact that there are genuine issues in material fact. That's a do-over. It's not. I mean, there's other grounds for the appeal. And so if there are genuine issues in material fact, which there are in this case, and the court considers her request and decides that appointment of counsel would be appropriate, she would certainly benefit from that counsel going forward. May I ask a question? Yes. There's a document in the record in ER 140. It says Exhibit 12. Whose Exhibit 12 is that? That is from Ms. Lopez's submissions. I see. The other thing I wanted to address was the court did warn Ms. Lopez that her documents were not complying. Ms. Lopez tried to comply. Ms. Lopez submitted her statement of facts with the numbers that coincided with the exhibits. It would be unjust for the court, and it was unjust for the court, not to consider that and instead grant summary judgment based on defendant's sole recitation, which were beneficial to the defendant of the facts of the case. What difference would it make? I mean, for example, does this document make a difference? Certainly. I think I pointed out in the record that there are genuine issues in material fact, and those were not present based on the defendant's submissions. Other than this one, what other one might there be? Well, there's evidence in the record, as you mentioned, that there's a genuine issue as to the Dilettoso claim. What are you talking about? But what else would there be? There's documents in Ms. Shinaworth's address that other managers were not transferred to other facilities. They were not put on administrative leave. So she was not, she was, they were treated more favorably than her, even though all of them were deemed to have been sexually harassing another employee. I understand her point that supervisor and employees sometimes may not be similarly situated, but that's usually in a case where it's a policy or procedure that might be different based on a level of employee. Sexual harassment is going to apply no matter if it's a manager, a president, an employee, so everyone should be treated the same. And Ms. Lopez was not. And any other issue other than that issue? Do her documents matter? Yeah, I mean, for the ASP claim, I think the documents establish that she was disqualified from the ASP solely because of the letter of warning that was on file and that she was treated differently. Is that a dispute? There is a dispute as to whether other employees similarly situated were treated more favorably than Ms. Lopez. There's evidence that a male employee was not given a letter of warning when he couldn't call in for an emergency, whereas Ms. Lopez was. So for each of the claims in the submissions in which we're cited to in our brief pinpoint sites, there are genuine issues and material facts. Thank you very much. Thank you.
judges: Noonan, Berzon, Ikuta